**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                              Plaintiff,

v.

DILLON COMPANIES, INC. D/B/A KING SOOPERS,

                              Defendant.

**COMPLAINT AND JURY TRIAL DEMAND**

**NATURE OF THE ACTION**

This action arises under Title I of the Americans with Disabilities Act of 1990 to correct unlawful employment practices on the bases of disability and to provide appropriate relief to Justin Stringer, who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") alleges that Dillon Companies, Inc. d/b/a King Soopers ("King Soopers") created a hostile work environment for Justin Stringer and unlawfully terminated Mr. Stringer because of his disability, which is a learning disability.

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to 107(a) of the Americans with

Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.   The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

3.   More than thirty days prior to the institution of this lawsuit, Justin Stringer filed a charge with the Commission alleging violations of Title I of the ADA by Defendant.

4.   All conditions precedent to the institution of this lawsuit have been fulfilled.

## **PARTIES**

5.   Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

6.   At all relevant times, Defendant has continuously been a corporation doing business in the State of Colorado. At all relevant times, Defendant has employed at least fifteen (15) employees.

7.   At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 200e(g) and (h).

8.     At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## GENERAL ALLEGATIONS

9.     Defendant is a regional supermarket chain, which has 100-plus stores under several banners, including King Soopers in Colorado.

10.    Justin Stringer was hired as a Courtesy Clerk in November 1995.

11.    Justin Stringer has a severe learning disability and is substantially limited in the major life activity of learning.

12.    Defendant was aware of Mr. Stringer's disability.

13.    Throughout his employment, Mr. Stringer was a good employee.

14.    Prior to his termination, Mr. Stringer only received one write-up in the ten years he was employed with Defendant. The only write-up he received was in 2003.

15.    In 2005, Defendant hired Gabby Sedillos. At all relevant times pertaining to this lawsuit, Ms. Sedillos served as the Head Clerk in the store where Mr. Stringer worked.

15.    In approximately March 2006, the Store Manager at the Lakewood Colorado store where Mr. Stringer worked went out on maternity leave.

16.    King Soopers transferred Rachael Scott, who was a Service Manager, from another store to fill in as the Acting Store Manager during the store manager's maternity leave.

18.    Both Ms. Sedillos and Ms. Scott subjected Mr. Stringer to a hostile work environment because of his disability.

19.    Ms. Sedillos and Ms. Scott harassed Mr. Stringer and taunted him.

20. Ms. Sedillos would threaten to call Mr. Stringer's mother, which caused Mr. Stringer to become upset and agitated. Ms. Sedillos also commented about how she didn't want to "baby-sit" Mr. Stringer.

21. On or about June 22, 2006, Ms. Sedillos and Ms. Scott changed Mr. Stringer's break, not for any legitimate business reason, but because they thought it would be funny to watch him get upset.

22. The same day, on or about June 22, 2006, Ms. Sedillos once again threatened to call Mr. Stringer's mother and then walked to the booth where the phone was located.

23. Mr. Stringer followed Ms. Sedillos into the booth where the phone was located and tried to get her to stop calling his mother.

24. On June 24, 2006, Mr. Stringer was terminated.

25. King Soopers alleges that Mr. Stringer was terminated for insubordination and misconduct relating to his actions on June 22, 2006.

26. Non-disabled employees have engaged in similar or more serious behavior and were not terminated.

## FIRST CLAIM FOR RELIEF

[Hostile Work Environment – 42 U.S.C. § 12112(a)]

27. The allegations contained in paragraphs 1 through 26 are hereby incorporated by reference.

28. Justin Stringer is disabled as defined in the ADA. 42 U.S.C. § 12102(2)(A).

29. Justin Stringer is able, with or without reasonable accommodation, to perform the essential functions of a Courtesy Clerk.

30. Since at least 2005, Defendant has engaged in unlawful employment practices at

its Lakewood Colorado location, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(a), by allowing its management employees to harass Mr. Stringer on the basis of his disability.

31. The offensive conduct by Defendant's management employees was sufficiently severe or pervasive to alter the terms and conditions of Mr. Stringer's employment.

32. The offensive conduct in the workplace initiated and/or participated in by Defendant's employees, including but not limited to supervisors and managers, created a hostile work environment based on disability.

33. Defendant was aware of the harassment and aware that managers participated in the harassment.

34. Defendant failed to take reasonable measures to prevent and promptly correct harassment in the workplace.

35. Mr. Stringer suffered a tangible employment action when he was terminated.

36. As a result of the events and actions described above, including the harassment by managers, Mr. Stringer was deprived of equal employment opportunities, suffered severe emotional distress, and was otherwise adversely affected because of his disability.

37. The unlawful employment practices described above were intentional.

38. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Mr. Stringer.

## SECOND CLAIM FOR RELIEF

[Unlawful Termination - 42 U.S.C. § 12112(a)]

39. The allegations contained in paragraphs 1 through 38 are hereby incorporated by reference.

40. On or about June 22, 2006, Defendant engaged in unlawful employment practices, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a), when it terminated Justin Stringer because of his disability.

41. As a result of the actions and events complained of in the paragraphs above, Justin Stringer was deprived of equal employment opportunities, suffered severe emotional distress, loss of wages and benefits, and was otherwise adversely affected because of his disability.

42. The unlawful employment practices complained of in the paragraphs above, were intentional.

43. The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federally protected rights of Justin Stringer.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for employees with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Justin Stringer by providing appropriate backpay with prejudgment interest, compensatory damages in amounts to be proved at trial, and other affirmative and equitable relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, rightful-place reinstatement or front pay where

appropriate, job search expenses and any medical expenses not covered by the Employer's employee benefit plan, in amounts to be determined at trial.

D.  Order Defendant to make whole Justin Stringer by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E.  Order Defendant to pay Justin Stringer punitive damages for its malicious and reckless conduct described in the paragraphs above, in amounts to be determined at trial.

F.  Grant such further relief as the Court deems necessary and proper.

G.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated this 17th day of September, 2009.

Respectfully Submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
1801 L Street, N.W.
Washington, DC  20507

MARY JO O'NEILL
Regional Attorney
Phoenix District Office

RITA KITTLE
Supervisory Trial Attorney

/*s/ Stephanie Struble*  
STEPHANIE STRUBLE  
Trial Attorney  
(303) 866-1381  
stephanie.struble@eeoc.gov  

EQUAL EMPLOYMENT  
OPPORTUNITY COMMISSION  
Denver Field Office  
303 East 17th Avenue, Suite 410  
Denver, CO   80203  
FAX (303) 866-1375  


NOTE: It is sufficient for service on the EEOC that pleadings, notices, and any other court documents be served on the Trial Attorneys.  Duplicate service is not required on the Deputy General Counsel in Washington, D.C.