IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02237-ZLW-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

DILLON COMPANIES, INC. d/b/a KING SOOPERS,

    Defendant.

---

**DEFENDANT DILLON COMPANIES INC.'S ANSWER TO
FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND**

---

Dillon Companies, Inc. d/b/a King Soopers ("Defendant"), through its attorneys Sherman & Howard L.L.C., answers Plaintiff's First Amended Complaint And Jury Trial Demand ("Complaint") as follows:

## NATURE OF THE ACTION

1. Defendant denies the allegations in the first, unnumbered paragraph of the Complaint under the title, "**NATURE OF THE ACTION**."

## JURISDICTION AND VENUE

2. Defendant admits the allegations in paragraph 1 of the Complaint.

3. Defendant admits the allegations in paragraph 2 of the Complaint.

4. Defendant admits the allegations in paragraph 3 of the Complaint.

5. Defendant denies the allegations in paragraph 4 of the Complaint.

## PARTIES

6. Defendant admits the allegations in paragraph 5 of the Complaint.

7. Defendant admits the allegations in paragraph 6 of the Complaint.

8. Defendant admits the allegations in paragraph 7 of the Complaint.

9. Defendant admits the allegations in paragraph 8 of the Complaint.

## GENERAL ALLEGATIONS

10. Defendant admits that Defendant is a supermarket chain with 100-plus stores in Colorado doing business as King Soopers. Defendant denies the remaining allegations in paragraph 9 of the Complaint.

11. Defendant admits the allegations in paragraph 10 of the Complaint.

12. Defendant admits that Justin Stringer has a mental, cognitive, and intellectual impairment. Defendant denies the remaining allegations in paragraph 11 of the Complaint.

13. Defendant admits that it was aware that Stringer has a mental, cognitive, and intellectual impairment. Defendant denies the remaining allegations in paragraph 12 of the Complaint.

14. Defendant denies the allegations in paragraph 13 of the Complaint.

15. Defendant admits that Stringer received a written warning for unsatisfactory job performance in 2003. Defendant denies the remaining allegations in paragraph 14 of the Complaint.

16. Defendant admits the allegations in paragraph 15 of the Complaint.

17. Defendant admits the allegations in paragraph 16 of the Complaint.

18. Defendant admits that Rachael Scott worked as the acting service manager at Stringer's store at the time of his discharge. Defendant denies the remaining allegations in paragraph 17 of the Complaint.

19. Defendant denies the allegations in paragraph 18 of the Complaint.

20. Defendant denies the allegations in paragraph 19 of the Complaint.

21. Defendant denies the allegations in paragraph 20 of the Complaint.

22. Defendant denies the allegations in paragraph 21 of the Complaint.

23. Defendant denies the allegations in paragraph 22 of the Complaint.

24. Defendant admits that Stringer forced his way into the booth at the store on June 22, 2006, and Ms. Sedillos was already in the booth at that time. Defendant is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint and accordingly denies same.

25. Defendant admits the allegations in paragraph 24 of the Complaint.

26. Defendant admits the allegations in paragraph 25 of the Complaint.

27. Defendant denies the allegations in paragraph 26 of the Complaint.

## FIRST CLAIM FOR RELIEF

[Hostile Work Environment – 42 U.S.C. § 12112(a)]

28. Defendant admits, denies, or otherwise answers the allegations incorporated into the paragraph numbered "27" as set forth in this answer.

29. Defendant denies the allegations in paragraph 28 of the Complaint.

30. Defendant denies the allegations in paragraph 29 of the Complaint.

31. Defendant denies the allegations in paragraph 30 of the Complaint.

32. Defendant denies the allegations in paragraph 31 of the Complaint.

33. Defendant denies the allegations in paragraph 32 of the Complaint.

34. Defendant denies the allegations in paragraph 33 of the Complaint.

35. Defendant denies the allegations in paragraph 34 of the Complaint.

36. Defendant admits that Stringer was terminated from employment with Defendant. Defendant denies the remaining allegations in paragraph 35 of the Complaint.

37. Defendant denies the allegations in paragraph 36 of the Complaint.

38. Defendant denies the allegations in paragraph 37 of the Complaint.

39. Defendant denies the allegations in paragraph 38 of the Complaint.

## SECOND CLAIM FOR RELIEF

[Unlawful Termination – 42 U.S.C. § 12112(a)]

40. Defendant admits, denies, or otherwise answers the allegations incorporated into the paragraph numbered "39" as set forth in this answer.

41. Defendant admits that it terminated Stringer from employment. Defendant denies the remaining allegations in paragraph 40 of the Complaint.

42. Defendant denies the allegations in paragraph 41 of the Complaint.

43. Defendant denies the allegations in paragraph 42 of the Complaint.

44. Defendant denies the allegations in paragraph 43 of the Complaint.

45. Defendant admits that Plaintiff seeks the relief outlined in the final, unnumbered "Wherefore" paragraph, including subparagraphs A through G. Defendant denies that Plaintiff or Stringer are entitled any relief whatsoever in this action. Defendant also affirmatively states

that Stringer rejected reinstatement to employment with Defendant and thus reinstatement, which is requested in subparagraph C, has been waived by Stringer.

46.     Defendant denies each and every one of the allegations in the Complaint other than those that are admitted expressly herein.

## SEPARATE DEFENSES

1.      Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred by the doctrines of waiver, estoppel and laches.

3.      Stringer has failed to mitigate his damages, if any.

4.      Plaintiff's and Stringer's claims for non-economic, compensatory, and/or punitive damages are subject to statutory caps.

5.      Defendant is not liable to Plaintiff or Stringer for punitive damages because it has made good faith efforts to comply with the Americans with Disabilities Act.

6.      Stringer never requested any accommodation.

7.      Any accommodation requested by Stringer was not reasonable.

8.      Any accommodation requested by Stringer constituted an undue hardship.

9.      Defendant made a good faith attempt to accommodate Stringer in accordance with 42 U.S.C. § 1981a(a)(3).

10.     Any alleged harassment of Stringer was not based upon his alleged disability.

11.     Any alleged harassment of Stringer was not sufficiently severe or pervasive to create a hostile work environment.

12.     Defendant took prompt, remedial action regarding any alleged harassment.

13. Defendant exercised reasonable care to prevent and correct any alleged harassment.

14. Stringer unreasonably failed to take advantage of Defendant's preventive and corrective measures regarding any alleged harassment.

15. Stringer's damages were caused by third parties over whom Defendant had no right to control.

16. Plaintiff has failed to comply with its statutory duty to conciliate with regard to the second claim for relief concerning allegedly unlawful termination.

17. Stringer has unreasonably failed to avail himself of the protections and procedures provided in Defendant's policies and procedures as well as the provisions of the applicable collective bargaining agreement.

Respectfully submitted this 27th day of April, 2010.

SHERMAN & HOWARD L.L.C.

s/ Edward J. Butler
Raymond M. Deeny
Edward J. Butler
90 South Cascade Avenue, Suite 1500
Colorado Springs, CO  80903
Telephone: (719) 475-2440
Facsimile:  (719) 635-4576
rdeeny@shermanhoward.com
ebutler@shermanhoward.com

ATTORNEYS FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of April, 2010, I electronically filed **DEFENDANT DILLON COMPANIES INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

STEPHANIE STRUBLE
Trial Attorney
(303) 866-1381
stephanie.struble@eeoc.gov

SEAN RATLIFF
(303) 866-1370
Sean.Ratliff@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Denver Field Office
303 East 17th Avenue, Suite 410
Denver, CO  80203
FAX (303) 866-1375

                                                s/ *Teri Armstrong, Legal Secretary*
                                                Teri Armstrong