IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02237-ZLW-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

DILLON COMPANIES, INC., d/b/a KING SOOPERS,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Pending before the Court is Defendant's Motion to Compel [filed May 20, 2010; docket #42]. The motion is referred to this Court for disposition. (Docket #43.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **grants in part** and **denies in part** Defendant's Motion.

    Plaintiff brings this action on behalf of Justin Stringer against Defendant, which is Mr. Stringer's former employer. (Docket #32 at 1.) Plaintiff asserts Defendant violated the Americans with Disabilities Act by creating a hostile work environment for Mr. Stringer and by unlawfully terminating Mr. Stringer's employment, due to Mr. Stringer's learning disability. (*Id*.) Defendant contends that Mr. Stringer struck a supervisor and impeded her attempt to telephone for help. (Docket #33 at 1.) Plaintiff seeks back pay and, potentially, front pay for Mr. Stringer.

    In the motion presently before the Court, Defendant seeks production of Mr. Springer's tax returns, either directly or by means of a release to the IRS. Both parties agree the records are relevant, but Plaintiff contends that under the majority of the available judicial opinions, if income

information can be provided through alternative means (*e.g.*, IRS form W-2s, which the Plaintiff has agreed to produce), tax returns are not discoverable.

God examples of cases going alternative ways on this issue in the employment discrimination context are *E.E.O.C. v. Ceridian Corp.*, 610 F. Supp. 2d 995, 997 ( D. Minn. 2008) (almost identical to this case with the EEOC as plaintiff; deciding that W-2s are a sufficient substitute) and *Alberts v. Wheeling Jesuit Univ.*, Civ. Action No. 5:09-CV-109, 2010 WL 1539852, at *11 (N.D. W. Va. 2010) ("[T]ax records reveal income information not contained in W-2 forms, and courts can enter protective orders to protect the public disclosure of private information."). I do not believe in a blanket rule that tax returns are discoverable, and I agree that they may contain relevant information beyond that of a W-2. Defendant is entitled to full disclosure to protect itself from a large back- and front-pay award, and Mr. Stringer has a privacy interest particularly if the tax returns contain no additional relevant information beyond what would be in a W-2. Therefore, I believe the best course is one declined by the *Ceridian Corp.* jurist: an *in camera* review of the tax returns, so that this Court can verify that the W-2s fully disclose information about Mr. Springer's earnings and other relevant financial information.

Therefore, the parties should arrange for the requested returns to be provided to the Court, along with the W-2s (and any other financial information produced by Mr. Stringer) for comparison purposes, at the parties' earliest convenience. The parties should confer to determine how best to obtain the returns and file a status report with the Court, on or before **July 15, 2010**, informing the Court what to expect and when to expect it. This was a good faith dispute, thus, fees are not appropriate.

Accordingly, Defendant's Motion to Compel [filed May 20, 2010; docket #42] is granted to the extent the tax return information will be submitted *in camera* for the Court's review, with a

decision thereafter as to whether any tax return information will be provided to Defendant under a confidentiality order, and denied in all other respects.

Dated at Denver, Colorado, this 29th day of June, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge