IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02237-ZLW-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

   Plaintiff,

v.

DILLON COMPANIES, INC., d/b/a KING SOOPERS,

   Defendant.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge.**

   Pending before the Court is Plaintiff EEOC's Motion to Compel Discovery [filed June 9, 2010; docket #44]. The motion is referred to this Court for disposition. (Docket #45.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **grants in part** and **denies in part** Plaintiff's motion, as follows.

   Plaintiff brings this action on behalf of Justin Stringer against Defendant, which is Mr. Stringer's former employer. (Docket #32 at 1.) Plaintiff asserts Defendant violated the Americans with Disabilities Act by creating a hostile work environment for Mr. Stringer and by unlawfully terminating Mr. Stringer's employment, due to Mr. Stringer's learning disability. (*Id*.) Defendant contends that, on June 22, 2006, Mr. Stringer struck a supervisor (Gabby Sedillos) and impeded her attempt to telephone for help, which resulted in the termination of Mr. Stringer's employment. (Docket #33 at 1.)

   In the motion presently before the Court, Plaintiff asks the Court to compel Defendant's production of "the personnel files of the decision-makers, comparator information, complaints of

disability discrimination, and documents demonstrating Defendant's net worth." (Docket #44 at 1.) The Court addresses each request in turn.

I.  **Personnel Files**

In its Request for Production No. 2, Plaintiff seeks the personnel files for Rachael Scott, Gabby Sedillos, and Eric Valdez. (Docket #44 at 4.) According to Plaintiff, Ms. Scott was the acting store manager during the time of the alleged harassment, and Ms. Scott participated in harassing Mr. Stringer with Ms. Sedillos, the head clerk at the time. (*Id*. at 2.) Mr. Valdez was a security employee who viewed a videotape of the June 22, 2006 incident between Mr. Stringer and Ms. Sedillos. (*Id*. at 3.) Plaintiff represents that Defendant objected to this request on the bases of relevance, confidentiality, and temporal latitude. (*See id.* at 4.) Plaintiff believes that Ms. Scott, Ms. Sedillos, and Mr. Valdez "are at the center of the allegations in this case," as Ms. Scott and Ms. Sedillos were supervisors over Mr. Stringer, and Mr. Valdez viewed the videotape which allegedly no longer exists. (*Id*. at 5.) Regarding privacy interests, Plaintiff believes that the protective order in this action will provide adequate protection. (*Id*.) Plaintiff states it does not seek any health or medical information that may be within the files, and Defendant may withhold such documents and identify the withholdings in a privilege log. (*Id*.)

Defendant contends that because Ms. Scott, Ms. Sedillos, and Mr. Valdez are not parties to this case, "Plaintiff must demonstrate that there is a compelling need for their personnel files in order to obtain them." (Docket #52 at 2 (citation omitted).) Defendant represents that it has produced "all non-privileged documents related to any alleged harassment of Mr. Stringer . . . [and] documentation regarding the harassment training Ms. Scott and Ms. Sedillos underwent while employed by Defendant." (*Id*. at 2-3.) Defendant argues that the reporting of Mr. Stringer's "misconduct" and that Ms. Scott and Ms. Sedillos operated in a supervisory capacity do not justify the disclosure of

2

their personnel files, "especially when it is undisputed that they did not make the decision to discharge Mr. Stringer." (*Id.* at 3.)

The Court recognizes the privacy concerns raised by Plaintiff's request. *See Tara Woods Ltd. P'ship v. Fannie Mae*, 265 F.R.D. 561, 568-69 (D. Colo. Mar. 24, 2010). After review of the briefing, the Court believes that Defendant should disclose the personnel files for Ms. Scott and Ms. Sedillos, but not for Mr. Valdez. The Court finds *Oglesby v. Hy-Vee, Inc.*, No. Civ. A. 04-2440-KHV, 2005 WL 857036 (D. Kan. Apr. 13, 2005) persuasive, as cited by Plaintiff. (*See* docket #56 at 2.) *See also Auguste v. Alderden*, Civ. Action No. 03-cv-02256-WYD-KLM, 2008 WL 3211283, at *10 (D. Colo. Aug. 6, 2008) (evaluating District of Kansas case law regarding disclosure of personnel files). The *Oglesby* Court described how "an individual's personnel file is relevant and/or reasonably calculated to lead to the discovery of admissible evidence . . . if the individual is alleged to have engaged in the retaliation or discrimination at issue or to have played an important role in the decision or incident that gives rise to the lawsuit." 2005 WL 857036 at *2 (footnote and citations omitted).

Here, Plaintiff alleges that Ms. Sedillos and Ms. Scott, both serving in supervisory capacities at Mr. Stringer's workplace, "subjected Mr. Stringer to a hostile work environment because of his disability" and "harassed Mr. Stringer and taunted him." (Docket #32 at 3 (Am. Compl.).) Plaintiff further contends that Ms. Sedillos and Ms. Scott created the conditions that led to Mr. Stringer's termination. (*Id.* at 4.) Considering the *Ogelsby* analysis, both instances implicating disclosure of a personnel file are at issue in this matter. Thus, the Court **grants** Plaintiff's motion to compel in that Defendant shall disclose Ms. Scott and Ms. Sedillos' personnel files.

Regarding Mr. Valdez, Plaintiff simply asserts that Mr. Valdez' credibility is "at the center of this dispute," because he viewed a now unavailable video of the June 22, 2006 incident.

However, Plaintiff provides no reason why Mr. Valdez' credibility should be questioned at this stage of the litigation. Without a more concrete explanation justifying an investigation of Mr. Valdez' credibility, the Court believes that disclosure of Mr. Valdez' personnel file looks more like a fishing expedition and less reasonably calculated to lead to the discovery of admissible evidence. Thus, Plaintiff's motion is **denied** as to its request for Mr. Valdez' personnel file.

The Court agrees that the protective order in this action will provide adequate protection of confidential information; however, the Court recognizes Defendant's right to review Ms. Scott and Ms. Sedillos' files, withhold documents and information it believes in good faith are privileged or contain irrelevant health or medical information (per Plaintiff's statement), and identify any withheld documents in a privilege log to be produced contemporaneously with the two personnel files.

## II. Comparator Information

In its Interrogatory No. 8, Plaintiff requested "a list of all King Soopers employees who were disciplined for either insubordination or misconduct for a three year period from January 1, 2005 to January 1, 2008." (Docket #44 at 5-6.) In its response, Defendant objected to this interrogatory as overbroad and burdensome. (*See id.* at 6.) Plaintiff represents that Defendant provided information only "for employees who filed grievances after being disciplined for threatening behavior and/or violence and who also worked at the same store as Justin Stringer and for the limited period from January 1, 2005 until June 24, 2006." (*Id*. at 5-6.) Plaintiff argues it is entitled to discovery beyond these parameters, because it requests discovery that could show "Mr. Stringer was treated differently than other similarly situated employees who violated employer rules of comparable seriousness." (*Id*. at 7 (citation omitted).) Because Mr. Stringer was terminated for "insubordination and misconduct," Plaintiff seeks "discovery concerning other employees who were disciplined for insubordination or misconduct." (*Id*.) Insofar as Plaintiff requests discovery beyond

4

the single store in question, Plaintiff represents that the decision-maker who decided to terminate Mr. Stringer also terminates employees throughout the company, not just at the store where Mr. Stringer worked. (*Id*.) Finally, Plaintiff asserts that a three-year temporal scope is relevant and reasonable. (*Id*. at 8.)

Defendant maintains its objection that this interrogatory is overly broad, unduly burdensome, and impermissibly seeks confidential information. (Docket #52 at 5.) Defendant believes it properly narrowed Plaintiff's request to a reasonable time frame, and that Plaintiff does not make the required showing of need and relevance for company-wide information. (*Id*. at 6.)

To show disparate treatment as Plaintiff alleges, Plaintiff must establish that he was treated differently (or here, more harshly) than other employees who were similarly situated. *See McGowan v. City of Eufala*, 472 F.3d 736, 745 (10th Cir. 2006) (citing *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1404 (10th Cir. 1997)). "Similarly situated employees are those who deal with the same supervisor and are subject to the same standards governing performance evaluation and discipline." *Id*. "In determining whether two employees are similarly situated, a 'court should also compare the relevant employment circumstances, such as work history and company policies, applicable to the plaintiff and the intended comparable employees.'" *Id*. "Moreover, even employees who are similarly situated must have been disciplined for conduct of 'comparable seriousness' in order for their disparate treatment to be relevant." *Id*. (citation omitted).

The Court agrees with Plaintiff that the three-year period is reasonable, particularly in light of the lack of authority provided by Defendant indicating otherwise, and that Defendant may not produce only those disciplinary actions where the employee has filed a grievance concerning the discipline, for the same reason. (*See* docket #56 at 5-7.) However, the Court also agrees with Defendant, in that proper comparators must have been disciplined for conduct of "comparable

5

seriousness." Here, that means employees who were disciplined (be it termination or otherwise) for "insubordination and misconduct" in the form of threatening behavior or violence in the workplace.

Regarding whether the production should be limited to the particular store, the Court finds this determination more challenging. On one hand, the Court believes that discovery arising from disciplinary decisions made by Ms. Bouknight, who terminated Mr. Stringer, is relevant for comparator purposes in light of *Aramburu*, because Ms. Bouknight assumably would apply the same standards regarding discipline to the employees she evaluates. On the other hand, the Court recognizes Defendant's representation that, as Ms. Bouknight is a company-wide manager, Defendant would have to search the personnel files of every employee for a period of three years, because Defendant does not have a system that tracks disciplinary issues generally. However, the Court finds compelling Plaintiff's reply, asserting that Defendant fails to substantiate its claim that production is too burdensome. Plaintiff cites to *E.E.O.C. v. Outback Steakhouse of Florida, Inc.*, Civ. Action No. 06-cv-01935-EWN-KLM, 2007 WL 3232429, at *1 (D. Colo. Oct. 29, 2007), for this proposition, because Defendant in this matter "offer[ed] no sworn affidavit or description of their record-keeping procedures to justify their conclusory allegation." The Court believes a balance of these considerations favors production of all disciplinary decisions by Ms. Bouknight, not just those arising from the specific store where Mr. Stringer was employed.

Therefore, the Court **grants in part** and **denies in part** this portion of Plaintiff's motion, as follows. In response to Interrogatory No. 8, Defendant shall describe the circumstances surrounding the discipline of all of Defendant's current or past employees who were found to have been insubordinate or to have engaged in misconduct, in the form of threatening behavior or violence in the workplace, in the time period from January 1, 2005 to January 1, 2008.

### III. Net Worth of Defendant

In its Request for Production No. 7, Plaintiff seeks "documents sufficient to establish the Defendant's net worth during the period from 2006 to the present." (Docket #44 at 8.) Defendant objected to this request on the bases of irrelevance, burdensomeness, over-breadth, and confidentiality. (*Id*. at 8-9.) Plaintiff asserts that Defendant's net worth is relevant because it seeks punitive damages against Defendant, and that Defendant's objection based on confidentiality is moot in light of the governing protective order. (*Id*. at 9.)

Defendant contends that Plaintiff "does not need information regarding Defendant's net worth" to make the showing required to seek punitive damages. (Docket #52 at 7.) Thus, Defendant argues that this information is irrelevant at this stage of the litigation. (*Id*.) In any event, Defendant represents that punitive damages in this matter are statutorily capped. (*Id*. at 8.)

In reply, Plaintiff points the Court to case law from this district concluding that discovery of financial information should be allowed upon an assertion by a plaintiff of entitlement to punitive damages. *See Britton v. Car Toys, Inc*., Civ. Action No. 05-cv-726-WYD-PAC, 2007 WL 1395290, at *3 (D. Colo. May 9, 2007). Defendant asserts that this case relied solely on the Tenth Circuit's discussion of the constitutionality of punitive damages, not the discoverability of net worth in relation to punitive damages, in *Continental Trend Resources, Inc. v. OXY USA Inc*., 101 F.3d 634, 641 (10th Cir. 1996).

The Court agrees with Defendant. At this stage of the litigation, the Court does not see how Defendant's net worth is relevant to any of Plaintiff's claims, including its request for punitive damages, particularly in light of the statutory cap limiting the sum of compensatory and punitive damages. *See* 42 U.S.C. § 1981a(b)(3). Although Rule 26(b)(1) provides for a broad standard of relevance, the Court, at this time, concludes Plaintiff provides no compelling reason for Defendant to produce its financial information, and the Court finds Defendant's argument regarding the

7

irrelevance of Plaintiff's request more convincing, even in light of *Britton*, which appears to be somewhat of an anomaly compared with other jurisdictions. (*See* docket #52 at 7-8.) Thus, the Court **denies** Plaintiff's motion as to Request for Production No. 7.

IV.     **Complaints of Disability Discrimination**

In its Interrogatories No. 1, 2, 3, and 4, and Request for Production No. 9, Plaintiff seeks discovery regarding other complaints of disability discrimination. (Docket #44 at 9.) Plaintiff requests "all formal and informal complaints of disability discrimination and retaliation due to a complaint of disability discrimination at any of the King Soopers locations where Mr. Stringer, Gabby Sedillos, and/or Rachel Scott worked from January 1, 2005 to the present, as well as King Soopers' response to those complaints." (*Id*.) Plaintiff further seeks complaints that were "elevated to the level of the Human Resources department" from all stores. (*Id*. at 10.) Plaintiff believes that "discovery of information both before and after the liability period within an employment discrimination lawsuit may be relevant or reasonably calculated to lead to the discovery of admissible evidence." (*Id*. at 13.)

Defendant represents it produced all complaints of disability discrimination and retaliation as a result of discrimination from stores where Ms. Sedillos and Ms. Scott worked from January 1, 2005, through June 24, 2006. (Docket #52 at 8-9.) Defendant states no more than its disagreement with the scope of production requested by Plaintiff. (*See id*.) Plaintiff, in its reply, asserts Defendant has failed to support its objection. The Court agrees and **grants** Plaintiff's motion as to Interrogatories No. 1, 2, 3, and 4, and Request for Production No. 9.[1]

---

[1]The Court also agrees with Defendant's note that this Court's conclusions in *Lang v. Intrado, Inc*., Civ. Action No. 07-cv-00589-REB-MEH, 2007 WL 3407366 (D. Colo. Nov. 13, 2007) inform the Court's analysis here.

## V. Conclusion

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff EEOC's Motion to Compel Discovery [filed June 9, 2010; docket #44] as stated herein. Defendant shall supplement its responses to the discovery hereby ordered on or before **September 3, 2010**.

Dated at Denver, Colorado, this 13th day of August, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge