IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02237-ZLW-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

DILLON COMPANIES, INC., d/b/a KING SOOPERS,

Defendant.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff EEOC's Motion to Quash and for Sanctions [filed September 9, 2010; docket #65]. The motion is referred to this Court for disposition. (Docket #66.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **grants in part** and **denies in part** Plaintiff's motion.

This present issue concerns the procedure to be used in serving subpoenas on nonparties. In their papers associated with the current motion, the parties agree that based on this Court's prior order, they are to e-mail a copy of the subpoena to the opposing counsel at or about the same time the subpoena is served. In the past, when this procedure was not followed, the Plaintiff was disadvantaged in potentially filing a motion to quash, because the Defendant served a copy of the subpoena on the Plaintiff via U.S. Mail, and the subpoenaed party in at least one situation produced documents to Defendant before Plaintiff even had a chance to object.

Defendant did not follow this procedure for a subpoena served August 26, 2010 on Jen Pastalo Dacpano, and sent it to the Plaintiff via U.S. Mail. On September 9, 2010, the EEOC filed

the current motion, seeking sanctions for Defendant's failure to follow the procedure mandated by the Court. On September 14, 2010, *after* receiving the Motion to Quash and for Sanctions, the Defendant withdrew the subpoena, not because of Defendant's regard for the Court's prior order, but because Defendant did not get the subpoena served within the necessary time period. Incredibly, despite knowing the Court-ordered procedure and with Plaintiff's Motion to Quash and for Sanctions still pending, Defendant did exactly the same thing, serving a new subpoena on Ms. Dacpano and again sending it via U.S. Mail to the Plaintiff. Thereafter, on October 1, 2010, Defendant filed a response to Plaintiff's Motion but did not address whatsoever the second subpoena, stating only that it was "withdrawing the subpoena directed to Ms. Dacpano." (Docket #71 at 2.) On October 7, 2010, Plaintiff filed a reply addressing the new failure to properly serve notice of the subpoena on the Plaintiff and requesting that the second subpoena be quashed. The next day, Defendant filed another response apologizing for its inadvertent failure to e-mail copies to the Plaintiff. Defendant also argued that the subpoena was necessary for discovery purposes.

The Court does not believe Defendant should be penalized for its counsel's mistakes. Therefore, the Court will not quash the subpoena, and the documents should be produced at a time and in a manner convenient to all parties. However, defense counsel should not have violated the procedure mandated by the Court, particularly the second time when it had just been reminded (via the Motion to Quash) that it was not following the required procedure. A little more attention to detail is required in federal litigation. Therefore, Plaintiff may have its costs and fees associated with the Motion to Quash and for Sanctions, as well as the reply.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff EEOC's Motion to Quash and for Sanctions [filed September 9, 2010; docket #65] as stated herein.

Dated at Denver, Colorado, this 12th day of October, 2010.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge