IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 09-CV-02237-RBJ-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Plaintiff,

v.

DILLON COMPANIES, INC.,

      Defendant.

---

## ORDER

---

      This order addresses plaintiff's motion for sanctions for spoliation of evidence [docket #127] and defendant's first motion in limine [docket #128]. The Court has considered the motions, responses and replies.

**Motion for Sanctions for Spoliation of Evidence by Plaintiff**

**Facts[1]**

      A developmentally disabled employee ("Mr. Stringer") of King Soopers was discharged in June of 2006. Amended Complaint at 11, 24. Plaintiff alleges it was for discriminatory reasons under the Americans with Disabilities Act; defendant contends it was based on a violation of company policy. The incident which led Mr. Stringer to be suspended and eventually terminated occurred at King Soopers store #31 in Lakewood, CO. *Id.* at 30. The incident involved Mr. Stringer and Ms. Sedillos, his supervisor; no other witnesses were present. *Id.* at 22-23.

---

[1] The majority of the specific facts contained herein are taken from the parties' respective pleadings.

The area in which the incident occurred was and is under constant video surveillance, because that is where the store safe is located. Doc. 127-8. The incident was recorded. Three copies of the tape were produced, and a master-copy was created when the security guard, Mr. Valdez, "popped out the erasure-prevention tabs" on the tape to prevent anyone from taping over the VHS tape." Doc. 127-8. When he was asked to make a fourth copy he found that someone had placed adhesive tape over the tabs enabling the tape to be copied over, allegedly in violation of company policy. *Id.* Subsequently, defendant has not produced any of the three copies that were made and claims they were lost. Doc. 127-3, 3:1-3.

The videotape depicted an incident where Mr. Stringer approached Ms. Sedillos while she was on the phone in an area called "the booth." Amended Complaint at 23. Normally, Mr. Stringer would not be permitted into the booth. Doc. 127-7, 3:9-11. The facts of the actual incident are disputed. The defendant alleges that Mr. Stringer approached the booth, knocked on the door and when the door opened he forced his way in by pushing Ms. Sedillos and then hung up the phone and/or repeatedly grabbed the phone out of her hand to hang it up. Plaintiff alleges that after being harassed repeatedly throughout the day and on previous occasions, Mr. Stringer went to the booth to ensure Ms. Sedillos did not call his mother, one of the alleged threats made against him. Amended Complaint at 23. He saw Ms. Sedillos on the telephone and assumed his mother was on the other end. Doc. 127-7, 3:16-21. He claims to have moved past Ms. Sedillos in an attempt to hang up the phone and in so doing, to have bumped Ms. Sedillos with his shoulder. Doc. 127-7.

The defendant claims Mr. Stringer was fired because his physical contact with Ms. Sedillos violated the company's policy against violence. Plaintiff claims that under its theory of the event the contact was no more severe than a number of other instances where the person

initiating contact did not have their employment terminated.  This is a fact question, and

although this is not a motion for summary judgment, it is important.

Defendant intends to introduce evidence of what happened through witnesses –

employees of the defendant – who watched the video recording before it was lost or destroyed.

These witnesses have a different account of the incident than is reflected in Ms. Sedillos' written

account.  Doc. 130-8, 2.  There was also some dispute about whether Ms. Sedillos was available

to testify or if her location was even known to the parties.  The defendant has since stated that

she has been located but not whether she will be available to testify.

**Conclusions**

Plaintiff moves for sanctions in two forms: 1) a prohibition against defense witnesses

testifying to what they saw on the videotape; and 2) an adverse inference instruction.

"'Spoliation is the destruction or significant alteration of evidence, or failure to preserve

property for another's use as evidence in pending or reasonably foreseeable litigation.'"

*Blangsted v. Snowmass–Wildcat Fire Prot. Dist.,* 642 F.Supp.2d 1250, 1259–60 (D. Colo. 2009)

(quoting *Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc.,* 473 F.3d 450, 457 (2nd Cir.

2007)).  A court has both inherent power as well as authority under Fed. R. Civ. P. 37(b)(2) to

sanction a litigant for the destruction or loss of evidence.  *See Chambers v. NASCO, Inc.,* 501

U.S. 32, 43–45 (1991); *Smith v. Nw. Fin. Acceptance, Inc.,* 129 F.3d 1408 (10th Cir. 1997).

The Court must first determine whether the evidence "would be relevant to an issue at

trial."  *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 621 (D. Colo.

2007).  If so, sanctions are appropriate when (1) a party had a duty to preserve the evidence

because it knew, or should have known, that litigation was imminent, and (2) the other party was

prejudiced by the destruction of the evidence.  *Turner v. Pub. Serv. Co. of Colo.,* 563 F.3d 1136,

1149 (10th Cir. 2009).  As a general rule, the "bad faith destruction of a document relevant to proof of an issue at trial gives rise to an inference that production of the document would have been unfavorable to the party responsible for its destruction." *Aramburu v. Boeing Co.,* 112 F.3d 1398, 1407 (10th Cir. 1997).

The duty to preserve is triggered by commencement of litigation or where a defendant reasonably anticipates litigation involving the evidence. *Cache La Poudre*, 244 F.R.D. at 621. In this case, the defendant makes no argument regarding its duty to preserve the evidence.  In fact, it could not make such an argument in light of the number of copies that were made and the creation of a master copy to prevent the videotape from being taped over.  Instead, defendant focuses its argument on an alleged lack of prejudice to plaintiff.

With regard to prejudice, "[t]he burden is on the aggrieved party to establish a reasonable possibility, based on concrete evidence rather than a fertile imagination that access to the lost material would have produced evidence favorable to his cause." *Gates Rubber Co. v. Bando Chem. Indus., Ltd.,* 167 F.R.D. 90, 104 (D. Colo. 1996).  Defendant argues there is no prejudice because there is no material dispute about what happened in the booth.  Defendant alleges that the transcript from Mr. Stringer's deposition [Doc. 130-12], proves that he pushed his way into the booth, pushing Ms. Sedillos back while grabbing the phone out of her hands and hanging it up.  That is not how the Court reads the transcript.  First, the deponent is recognized to have a developmental disability, and second, the defendant's attorney continually used the term "push" in his questions.  *See* Doc. 130-12.  Despite that, Mr. Stringer consistently used the term "bump" and said he did so only once.[2]  *Id.*  Mr. Stringer also demonstrated what he did by motioning with his shoulder.  Doc. 127-7: 4:21-25.

---

[2] The Court recognizes that Mr. Stringer did use the term "push" on at least one occasion where prompted by defense counsel, but he quickly corrected himself by saying he "bumped" Ms. Sedillos.

The incident in the booth was apparently the sole explanation for Mr. Stringer's termination.  The defense is greatly benefited from the absence of a videotape, particularly where it intends to introduce the contents of the video through testimony of its employees who watched the video.  There can be no doubt that the flipside of that equation is that plaintiff is necessarily prejudiced by its inability to examine the tape to support Mr. Stringer's version of the events or to counter the testimony of defendant's witnesses.  Even assuming the video shows Mr. Stringer technically violating the company violence policy, the exact manner in which he did so is important in light of plaintiff's argument that in the past specific types of contact or violence have not resulted in employee termination.  If this is true, it would lend further support to the claim that plaintiff's discharge was motivated by discriminatory animus.

The next question is whether defendant's inability to produce a copy of the video, taping over the master-copy and allowing the DVR recording to expire amount to bad faith.  The defendant clearly recognized the need to maintain a copy of the videotape; that is the reason – allegedly per company policy – that a master-copy was created.  Only specific persons had access to the master-copy, and one of them intentionally created a work-around to allow the master to be taped over, again in violation of company policy.  This alone indicates bad faith.  Additionally, the contradictory deposition testimony of the various managers, supervisors and corporate personnel regarding who had the tapes and when leads the Court to believe that the defendant is hiding the ball.  This is exactly the type of case where sanctions for spoliation of evidence are appropriate.  What those sanctions should be is the final question.

Because the Court found that the defendant acted in bad faith in losing or destroying the three copies and master-copy of the videotape, and allowing the DVR recording to expire, the Court will order an adverse inference instruction.  The Court will instruct the jury that it should

assume that the production of the document would have been unfavorable to the defendant, the party responsible for its destruction. *Aramburu v. Boeing Co.*, 112 F.3d at 1407. Additionally, the Court will not permit the defendant to present testimony by its employees, other than Ms. Sedillos, regarding what the videotape is alleged to have shown. This would negate the force of the adverse inference instruction.

### Defendant's First Motion in Limine

Defendant moves to exclude any evidence of alleged harassment of Mr. Stringer as irrelevant and inadmissible pursuant to Fed. R. Evid. 402 and 403. It also moves to exclude testimony from John Bowen, Angela Bickford or Michael Yen, because they were not disclosed during the discovery period. Finally, Defendant seeks a ruling that any evidence of discrimination charges filed by other employees is inadmissible at trial pursuant to Fed. R. Evid. 402, 403 and 404.

Evidence of Alleged Harassment

Defendant argues that because plaintiff's claim based on harassment was dismissed on summary judgment, any introduction of such evidence would be irrelevant and inadmissible pursuant to Fed. R. Evid. 402 and 403. Further, defendant argues that to the extent the evidence is admissible its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues which could mislead the jury. Fed. R. Evid. 403. Defendant cites *Waters v. Genesis Health Ventures, Inc.*, 400 F.Supp.2d 808 (E.D.Pa. 2005). There, the court found that a plaintiff may not use evidence of one type of discrimination to prove discrimination of another type." *Id.* at 813-14. That is not the case here. Plaintiff intends to introduce previous acts of the same type of discrimination to establish intent. Defendant further relies on *Ford v. Nationwide Mut. Ins. Co.*, 214 F.Supp.2d 11, 14-15 (D. Me. 2002) for the proposition that

sympathy inducing evidence should be limited.  However, the *Ford* court's ruling to exclude the evidence in question was made in the liability portion of a bifurcated trial, meaning the evidence was wholly irrelevant to the issue of liability.  *Id.* at 14-16.  This makes the *Ford* opinion inapposite for our purposes.

Plaintiff argues, and the Court agrees, that evidence of harassment goes directly to plaintiff's claim regarding defendant's intent in terminating Mr. Stringer's employment, thus making the evidence relevant.  The motive behind plaintiff's termination is central to the case at hand.  While introduction of such evidence would necessarily prejudice defendant, that prejudice is not unfair and, in any event, does not substantially outweigh its probative value.  The burden in this case is on plaintiff to establish by a preponderance of the evidence that defendant's termination action was motivated by improper animus.  Excluding evidence that reasonably could lead the ultimate finder of fact to conclude the discharge was based on discriminatory animus would thus be improper.  *See Warren v. Halstead Industries, Inc.*, 802 F.2d 746, 753 (4th Cir. 1986).  Additionally, if Mr. Stringer's actions were provoked by his employer, the employer cannot use the employee's response as justification for termination and yet remain impervious to claims based on the alleged discriminatory conduct.  *Bosley v. Excel*, 165 F.3d 635, 639 (8th Cir. 1999); *See Hertz v. Luzenac America, Inc.*, 370 F.3d 1014, 1022 (10th Cir. 2004).

<u>Testimony of John Bowen, Angela Bickford and Michael Yen</u>

Plaintiff lists these three individuals as witnesses in its Pretrial Order despite not disclosing them during discovery pursuant to Rule 26(a)(1).  However, plaintiff cites the advisory committee's note to 1993 Amendments to Fed. R. Civ. P. 26(e)(1) which states, "there is, however, no obligation to provide supplemental or corrective information . . . when a witness not previously disclosed is identified during the taking of a deposition."  *Id.*  Reading the

advisory notes in conjunction with Fed. R. Civ. P. 26(e)(1)(A) which requires supplemental disclosures "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," the Court agrees with plaintiff that there has been no discovery violation, and that these witnesses can testify.

<u>Evidence of Other Charges of Discrimination</u>

Defendant argues that these other charges are irrelevant and therefore inadmissible under Fed. R. Evid. 402.  It claims they have no connection to Mr. Stringer or his case.  *Mendelsohn v. Sprint/United Mgmt. CO.*, 402 Fed. Appx. 337, 341-42 (10th Cir. 2010).  Next, defendant argues that the evidence is inadmissible pursuant to Rule 404(b).  Without a link between this evidence and Mr. Stringer's termination and/or case, the evidence is inadmissible.  *Schneider v. City and County of Denver*, 47 Fed. Appx. 517, 526 (10th Cir. 2002).  Finally, defendant alleges that to the extent this evidence is relevant it should be excluded under Fed. R. Evid. 403 because the probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.  Defendant contends that admission of this evidence will potentially taint the jury and require a mini-trial on the facts of these other cases.

The Tenth Circuit has previously stated that "[a]s a general rule, the testimony of other employees about their treatment by the defendant is relevant to the issue of the employer's discriminatory intent."  *Spulak v. KMart Corp.*, 894 F.2d 1150, 1156 (10th Cir. 1990).  Plaintiff argues that "the sheer number of complaints of disability discrimination is relevant to show a pattern and/or culture of discriminatory conduct."  *McDonnell Douglas v. Green*, 411 U.S. 792, 804-05 (1973).  Michael Yen's complaint is directly relevant because he complained of similar treatment by Ms. Scott, a manager also involved in Mr. Stringer's incident.

Ultimately, the Court agrees with plaintiff that it is more appropriate to wait until trial to determine whether each individual charge is relevant.  I further agree that the evidence may be admissible under Fed. R. Evid. 404(b) to prove motive and intent instead of showing that the defendant acted in conformity with prior acts.  Fed. R. Evid. 404(b).  The Court declines to rule on this issue in limine.

**Order**

Plaintiff's motion for sanctions for spoliation of evidence [#127] is granted.  Defendant's motion in limine [#128] is granted in part and denied in part.  It is granted to the extent that it asks the Court to address the first two issues (evidence of alleged harassment, testimony of three witnesses) in limine.  However, it is denied to the extent that it seeks to exclude evidence in those two categories.  The motion to address the third issue in limine (evidence of other charges of discrimination) is denied.

DATED this 21st day of November, 2011.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge

9