IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 09-CV-02237-RBJ-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

DILLON COMPANIES, INC.,

    Defendant.

---

## ORDER

---

    Defendant moves for reconsideration (Docket #139) of the portion of the Court's order of November 21, 2011 (Docket #135) regarding the giving of an adverse inference instruction based upon spoliation of evidence. Defendant argues that the Court patently misunderstood or failed to apprehend undisputed evidence that employee Stringer pushed or bumped the supervisor Sedillos; that the accidental loss of copies of the videotapes therefore was not prejudicial; and that an adverse inference instruction is "entirely inappropriate."

    The Court in its November 21 order did address whether what occurred in the booth was disputed, whether the absence of the videotape is prejudicial to the plaintiff, and whether the loss of the videotapes was accidental. The Court has again considered the evidence submitted by the defendant, including deposition testimony of Mr. Stringer and the statements and deposition testimony of defendant's personnel who recalled or paraphrased Mr. Stringer's statements during their investigation. However, the Court remains convinced that Mr. Stringer's version of what occurred during the incident, including the alleged provocation and the bumping or pushing, is

not the same as the defendant's version. Because defendant's claimed ground for termination of Mr. Stringer, and not terminating other employees who allegedly committed inappropriate acts, rests on its view of what occurred in the booth, it is necessarily prejudicial to Mr. Stringer not to have the opportunity to have the jury observe the videotape of the incident as well as the two participants' testimony and reach its own conclusions about what occurred and why it occurred.

The Court also remains convinced that the evidence suggests that the loss of all three copies of the tape that were made from the master tape and, particularly, the tampering with the master tape, were not accidental. The evidence, which defendant does not dispute or even address in its motion for reconsideration, is that defendant's security officer "popped the tab" on the master tape so that it could not be recorded over. However, when he went to make a fourth copy of the videotape, he found that someone had put a piece of tape over the tab, thus allowing the master tape to be recorded over and its contents lost. Valdez depo. at 30, 32.

Defendant can certainly present whatever evidence it might have to explain its efforts to preserve the master tape and copies, and how despite those efforts the loss of these tapes was accidental. However, the Court finds no basis to reconsider its prior order. The Court finds, based on the undisputed evidence, that this is a sufficiently serious if not egregious instance of spoliation of evidence and that the adverse inference instruction is warranted. The Court also denies defendant's request that the issue be certified for an immediate interlocutory appeal.

DATED this 7th day of December, 2011.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge